PARKER, Acting Chief Judge.
Appellants, Vantage Home Building Corporation (Vantage Home) and Richard Peco-relli, seek review of the trial court’s order holding them in contempt and imposing a fine against them and indefinite incarceration for Pecorelli, specifically arguing that the trial court abused its discretion in entering the order. We reverse the incarceration portion of the order; otherwise, we affirm the order.
The underlying action is an action brought by one partner against another partner in a general partnership. Among other things, Vantage Real Property (VRP), the plaintiff partner, sought to inspect the partnership books and records pursuant to the partnership agreement and section 620.65, Florida *1290 Statutes. The trial court entered an injunction requiring Vantage Home and Pecorelli to make available designated partnership records.
Subsequently, the plaintiff filed several motions to enforce the injunction. Following hearings on the motions, the trial court entered orders enforcing the injunction. Appellants failed to comply with those orders, and in October 1994 the trial court held Vantage Home and Pecorelli in contempt but withheld adjudication of contempt for ten days to provide them the opportunity to purge contempt. The trial court entered the critical order which is the subject of this appeal on December 8, 1993. That order provides:
THIS ACTION was heard on plaintiffs motion to enforce order of contempt. The Court finds that defendant Vantage Home Building Corporation and defendant Richard Pecorelli continue to be guilty of contempt of coui’t by virtue of Richard Peco-relli’s misconduct in willfully failing to obey the provisions and requirements of the order entered on September 20,1993 and the order granting injunction of July 2, 1993. The Court finds that the misconduct of Richard Pecorelli was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of plaintiff. Upon consideration
IT IS ADJUDGED that:
1. A daily fine of $100 is imposed upon defendants jointly and severally for the failure to follow and comply with the Court Order to begin today. Additional fees and costs of $500 are imposed upon defendants jointly and severally for the plaintiffs costs and expenses of this proceeding (this $500 includes the $250 previously ordered).
2. Defendant Richard Pecorelli shall be immediately imprisoned in the county jail of Sarasota County until he has complied with and preformed [sic] all the provisions and requirements of the order of September 20, 1993 and the injunction of July 2, 1993 and shall pay the fines, fees and costs imposed above.
3. Defendants may purge themselves of contempt by complying with the provisions of the orders of September 20, 1993 and July 2, 1993 and by paying the amounts in paragraph 1.
4.The Court reserves jurisdiction to enter further orders to enforce or modify this order.
Initially, we note that appellants have not provided this court the transcripts of the relevant hearings held before the trial court. Our record consists of the pleadings, motions, and trial court orders. Addressing the critical order on appeal, we conclude that this is a civil contempt order, and as such, the trial court had the authority to impose a fine, unrelated to actual damages, to coerce a party into compliance with a previously issued court order. See Johnson v. Bednar, 573 So.2d 822 (Fla.1991). Although Johnson provides that the trial court must consider the contemnor’s financial resources and the burden such a fine might place upon the contemnor, the appellants neither challenge the amount of the fine nor provide this court the transcripts of the hearings to permit a meaningful review of whether the trial court abused its discretion in imposing the fine. Accordingly, we affirm the imposition of the fine.
We do conclude, however, that we must reverse that portion of the order imposing incarceration upon Pecorelli. In Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), the supreme court clearly held that incarceration for civil contempt cannot be imposed absent the trial court’s finding that the contemnor has the present ability to purge himself of the contempt. The trial court’s order addressed in this appeal fails to make that finding. VRP argues that the order satisfies Bowen because it characterizes Pecorelli’s conduct as willful and calculated to defeat, impair, impede, and prejudice VRP. We disagree. The trial court’s order must contain the necessary finding of the present ability to purge the contempt.
We reverse that portion of the trial court’s order providing for the incarceration of Peco-relli without prejudice for the trial court to reimpose incarceration should competent evidence support it. In the event the trial court enters an order reimposing incarceration, we direct that the order contain a finding that *1291 Pecorelli has the present ability to comply with the purge condition set forth in the contempt order. We, otherwise, affirm the order.
BLUE and FULMER, JJ., concur.